BONOCIO RAMOS
*v.*
EDUARDO WOOD ET AL.

San Juan, Law, No. 682.

THE POWER OF DISTRICT COURT OVER MANDATE OF SUPREME COURT.

Mandate of Supreme Court—Control by District Court.

1. Where the Supreme Court has directed that an execution issue, the district court may exercise supervision, but will exercise its discretion only so far as necessary.

Porto Rico—University.

2. Where it is shown to the court that an educational institution, like the University of Porto Rico, will be seriously crippled by a sale of property in which it is interested under executions from the Supreme Court, the district court will take the interests of the university into account.

The University—Appearance.

3. The court will not take the interests of the university into account unless some application be made by that institution.

Ramos v. Wood.

Practice—Stay of Execution.

> 4. In order to enable the university to apply to the court and the plaintiff to apply to the Supreme Court for further orders, a stay of execution ordered by the Supreme Court is, under the circumstances, directed for thirty days.

Opinion filed June 3, 1914.

———————

*Mr. Frank Antonsanti* for plaintiff.

*Mr. Howard L. Kern,* Assistant Attorney General, for the People of Porto Rico.

HAMILTON, Judge, delivered the following opinion:

This matter comes up upon the application of the defendant, the People of Porto Rico, for stay of execution, with special reference to staying it until the legislature meets next January and can consider the matter.

The case is an important one, and, in some respects, a delicate one. Of course, every suit in this court or in any other court is simply between a plaintiff and a defendant. There is a sense in which all parties are on a perfect equality, but the discussion here this morning develops some unusual features. On the one side we are told that the University of Porto Rico, which is apparently the beneficiary, is a *persona non grata,* and by the other side the People of Porto Rico are said to be in the legal position of an insane person. Of course, these statements are not meant by either side in any offensive way.

1. There are two or three points that present themselves to the court. In the first place, it has been said, and said very truly, that this is not a process of the district court. The Su-

Ramos v. Wood.

preme Court has ordered that execution issue, and execution has issued.   No authorities have been cited, but it looks like a rather delicate matter for the district court to be telling the marshal not to do what the Supreme Court tells him to do. This court may have the power.  It may follow from the necessity of the case.  The Supreme Court is a long way off, however, and does not know all the circumstances, and there must be some supervision exercised.  In any event, it is a very delicate situation, and the court does not want to interfere any more than it can help.

2. Another thing to be considered is this, the defendant is not exactly like other defendants.  It is not exactly in the position of a private person.  The People of Porto Rico are the public, and the public exercises its powers through certain officers and in certain limited ways, and that is for the proper guarding of public interests.  It is said, and I doubt not it is correct, there is no money that is available to pay this judgment.  Of course, that does not change the fact that the property is liable for it.  A new feature is introduced in the argument, that it is not even the People of Porto Rico that are interested, but an educational institution, the chief educational institution of the Island, and that it will be crippled if this execution is levied.  The court cannot shut its eyes to the situation.  It seems to be properly presented, that is to say, the allegation seems to be correct.  There is a decision in point in a case that came up in Mobile where a pump was sold to the city or public water company for a pumping station.  The city or company did not pay for the pump.  A lien, or perhaps the title, had been reserved.  The vendor went out to the pumping station and started to take the pump out.  It was his pump,

VII. Porto Rico—9.

it had not been paid for; but the courts interfered, and said no, that the rights of an individual must yield to the rights of the public; that the whole city could not be deprived of water because the city or company had not appropriated money to pay for a pump, and they held the matter up long enough for funds to be appropriated to pay for the pump. The principle in that case seems to be similar to the case at bar. Instead of water, here it is education; but the point is somewhat the same.

3. A difficulty in the court's mind, however, is this: Even going the full length of the argument of the petitioner, there is nothing before the court to show that the University of Porto Rico takes any interest in this matter at all. I do not question the statement of counsel, but if an appeal is to be made to the court on behalf of the university, there should at least be some written application on the part of its authorities. So that in its present condition the court cannot attach a great deal of weight to any representation made for the university. If the university does not think enough of the matter to appear formally by petition, the court will not attach more importance to it than the university does.

4. It seems to me that the utmost that I should do at present is this,—direct a stay of execution for thirty days, and within that time the parties may confer together, perhaps, and make some settlement by which a part will be paid and an agreement made to extend the rest. Of course, I do not direct this, but I say there will be an opportunity for this course. And upon a further study of the law the defendant may see that it can better apply to the Supreme Court or a justice of the Supreme Court, as this is a mandate from the Supreme Court. And

within that time, too, the university, if it sees proper, may make any formal application which will bring it more properly before the court.   Besides, there will be a new insular appropriation available beginning the 1st of July.   At all events, it seems to me that this is as far as I could go at this time.   It will give the parties a breathing spell and it will not hurt either side.

Execution will be stayed for thirty days, but without the slightest intimation that anything further will be done.   I will be glad if the parties will act upon that idea.